1   **Ariel J. Sabban, Esq. (SB# 189414)**
    **ariel@arciplaw.com**
2   **ARC IP Law, PC**
    **5749 La Jolla Boulevard**
3   **La Jolla, CA 92037**
    **Telephone: (858) 729-0800**
4   **Telecopier: (858) 777-5425**

5   Attorneys for Defendants
    MY PILLOW, INC. &
6   MICHAEL J. LINDELL

7

8                **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION**

10  | US DOMINION, INC., DOMINION | Case No.:  5:23-mc-00005 |
11  | VOTING SYSTEMS, INC., and | [D.D.C. Case No.: 1:21-cv-00445] |
12  | DOMINION VOTING SYSTEMS CORPORATION, | |
    | | **NOTICE OF MOTION AND** |
13  |                  Plaintiffs, | **MOTION FOR AN ORDER TO** |
    | | **ENFORCE DEPOSITION** |
14  |          vs. | **SUBPOENA TO NON-PARTY** |
    | | **NAVID KESHAVARZ-NIA** |
15  | | |
    | | **[F.R.C.P. 45(g)]** |
16  | MY PILLOW, INC., and MICHAEL J. | |
17  | LINDELL, | Time: |
    | | Date: |
18  |                  Defendants. | Dept.: |

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

- 1 -

**TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, at _____ a.m./p.m., or such other date and time as the above-entitled Court shall set, located at the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 12th Street, Riverside, CA 92501, Courtroom _____, Defendants MY PILLOW, INC. and MICHAEL J. LINDELL (collectively "Defendants"), by and through their attorneys, will and hereby do move this Court pursuant to Fed. R. Civ. P. 45(g) to (1) issue an order compelling non-party DR. NAVID KESHAVARZ-NIA ("Keshavarz-Nia") to comply with a deposition subpoena dated February 1, 2023, by a date certain, and (2) award Defendants costs and attorney fees incurred in seeking enforcement of the subject subpoena.

The deposition subpoena was issued on February 1, 2023, from the United States District Court for the District of Columbia, Case No. 1:21-cv-00445, before the Honorable Carl J. Nichols, in a pending action against Defendants. The subpoena was served on Keshavarz-Nia on February 7, 2023.  The subpoena commanded Keshavarz-Nia, a resident of Temecula, California, to appear and testify on March 7, 2023, in Temecula.  Keshavarz-Nia did not appear as commanded.

This Motion is made upon this Notice of Motion and Motion; the accompanying Declaration of Joseph Pull and exhibits thereto; the accompanying Proposed Order; the arguments of counsel; and any other matters properly before the Court.

Dated:  April 20, 2023                    ARC IP LAW, PC


                                          By:    /s/ Ariel J. Sabban
                                                 Ariel J. Sabban, Esq. (SB# 189414)
                                                 Attorneys for Defendants
                                                 MY PILLOW, INC., and
                                                 MICHAEL J. LINDELL

- 2 -

1       Defendants MY PILLOW, INC. and MICHAEL J. LINDELL (collectively

2   "Defendants"), by and through their attorneys, hereby move this Court pursuant to

3   Fed. R. Civ. P. 45(g) to (1) issue an order compelling non-party DR. NAVID

4   KESHAVARZ-NIA ("Keshavarz-Nia") to comply with a deposition subpoena

5   dated February 1, 2023 by a date certain, and (2) award Defendants costs and

6   attorney fees incurred in seeking enforcement of the subject subpoena.

7       In support of this motion, Defendants aver as follows:

8       1.    Defendants are parties to a diversity action pending in the United

9   States District Court for the District of Columbia (the "Issuing Court"). That

10   action is styled as *US Dominion, Inc. et al. v. My Pillow, Inc. et al.*, Case No.:

11   1:21-cv-00445 (the "Underlying Action"). In the Underlying Action, plaintiffs are

12   a group of corporate affiliates ("Dominion") who claim that, following the 2020

13   election, Defendants defamed them by publishing statements impugning the

14   security and reliability of Dominion electronic voting machines in the 2020

15   presidential election. Among the material issues in the Underlying Action is

16   whether Defendants believed or should have believed the statements at issue to be

17   false when they allegedly made them.

18       2.    Keshavarz-Nia is a cyber-security engineer whom *The New York*

19   *Times* has reported has "spent decades" "doing cybersecurity and technical

20   counterintelligence work for the C.I.A., N.S.A. and F.B.I." *The New York Times*

21   also reported "Keshavarz-Nia, those who worked with him said, 'was always the

22   smartest person in the room.'" (Pull Decl. ¶ 4 & **Ex. 2** at eleventh-twelfth pages)

23       3.    Keshavarz-Nia is a resident of Temecula, California.

24       4.    On November 25, 2020, Keshavarz-Nia executed a declaration under

25   penalty of perjury (the "Declaration") in which he stated that after analyzing data

26   and conducting experiments, he had concluded "with high confidence" that

27   Dominion voting systems had "serious exploitable system and software

28   vulnerabilities" that could be used to alter votes cast on Dominion systems. (Pull

Decl. **Ex. 1**, ¶¶ 14, 16)  He further stated, "with high confidence," that "alterations" were made as a "result of systemic and widespread exploitable vulnerabilities." (*Id*. ¶ 17)  The Declaration stated credentials for Keshavarz-Nia, including a Master's degree in Electronics and Computer Engineering, and advanced training from the Defense Intelligence Agency, Central Intelligence Agency, National Security Agency, DHS Office of Intelligence & Analysis, and Massachusetts Institute of Technology.  (*Id*. ¶ 2)  The Declaration stated that Keshavarz-Nia is employed by a defense contractor as a chief cyber security engineer, has "conducted security assessment, data analysis and security counterintelligence, and forensics investigations on hundreds of systems."  (*Id*. ¶ 3)  The Declaration stated that Keshavarz-Nia has "worked as a consultant and subject-matter expert supporting the Department of Defense, FBI and US Intelligence Community (USIC) agencies . . ."  (*Id*. ¶ 3)  The Declaration stated that Keshavarz-Nia has "personal knowledge of the contents of this Declaration and if called as a witness, I could and would testify competently as to their truth."  (*Id*. ¶ 1)

5.     On November 25, 2020, Keshavarz-Nia's Declaration was publicly filed in the United States District Court for the Eastern District of Michigan, case no. 2:20-cv-13134, *King v. Whitmer*.  (Pull Decl. ¶ 3.)

6.     Given the obvious relevance of Keshavarz-Nia's 2020 Declaration to Defendants' defense in the Underlying Action, Defendants have sought to depose him.  On September 16, 2022, Defendants' counsel drafted a subpoena from the Issuing Court commanding Keshavarz-Nia to appear to testify on October 18, 2022, in Temecula (the "Original Subpoena").  (Pull Decl. ¶ 5 & **Ex. 3**)

7.     The Original Subpoena was served on Keshavarz-Nia on September 21, 2022, by dropping it at his feet after he attempted to refuse service.  (Pull Decl. **Ex. 3**, second page)

8.     On September 22, 2022, Defendants' counsel received a telephone call from an individual who said his name was "Jim Stanley" and that he was

1  calling on behalf of Keshavarz-Nia. This caller asked Defendants' counsel to send
2  an electronic copy of the Original Subpoena to the email address
3  navid.knia@gmail.com. On September 22, 2022, Defendants' counsel emailed a
4  copy of the Original Subpoena to that email address.  (Pull Decl. ¶ 6 & **Ex. 4**)

5      9.    Defendants' counsel received a letter dated September 26, 2022,
6  from Christine A. Carlino, Esq., who stated that she represented Keshavarz-Nia.  In
7  her letter, Ms. Carlino stated Keshavarz-Nia believed any testimony he could give
8  would be irrelevant to the Underlying Action and that he would be "on work
9  assignment out of the country for the months of October and November."  (Pull
10 Decl. ¶ 7 & **Ex. 5**)

11     10.   Defendants' counsel engaged in email correspondence with Ms.
12 Carlino in September and October 2021.  (Pull Decl. ¶ 8)  In this correspondence,
13 Defendants' counsel asked Ms. Carlino to provide a date which would work for
14 Keshavarz-Nia to appear for his deposition.  (*Ibid.*)  Ms. Carlino eventually
15 provided the date of December 21, 2022.  (*Ibid.*)  Defendants' counsel confirmed
16 that Dominion's counsel would be available on December 21, 2022.  (*Ibid.*)  On
17 October 31, 2022, Defendants' counsel emailed to Ms. Carlino a copy of an
18 Amended Subpoena for the deposition of Keshavarz-Nia on December 21, 2022,
19 asking her to confirm that she accepted service on his behalf.  (*Ibid.*)  Ms. Carlino
20 responded that she was "no longer representing Dr. Keshavarz-Nia" and "cannot
21 accept the deposition subpoena."  (*Ibid.*)  No replacement or new counsel for
22 Keshavarz-Nia contacted Defendants' Counsel.  (Pull Decl. ¶ 8 & **Exs. 6 & 7**)

23     11.   Defendants' counsel attempted to have the amended deposition
24 subpoena personally served on Keshavarz-Nia, but the process server was unable
25 to serve him.  (Pull Decl. ¶ 9)  The process server stated that he thought
26 Keshavarz-Nia was present at his residence but trying to avoid service.  (*Ibid.*)

27     12.   On December 12, 2022, Defendants' counsel sent by Federal Express
28 a letter to Keshavarz-Nia at his residence in Temecula, reminding him that his

deposition was scheduled for December 21, 2022, and providing the address for the deposition. (Pull Decl. ¶ 10 & **Ex. 8**) Federal Express confirmed delivery of this letter on December 13, 2022, to Keshavarz-Nia's address in Temecula. (Pull Decl. ¶ 10 & **Ex. 9**)

13.    On December 21, 2022, counsel for both Defendants and Dominion appeared for a videoconference deposition of Keshavarz-Nia, but Keshavarz-Nia did not appear. (Pull Decl. ¶ 11) When Keshavarz-Nia did not appear, Defendants' counsel sent an email to him at navid.knia@gmail.com asking whether he intended to appear, but received no response. (Pull Decl. ¶ 11 & **Ex. 10**)

14.    Accordingly, on February 1, 2023, Defendants' counsel drafted a "Third Amended Subpoena" from the Issuing Court commanding Keshavarz-Nia to appear for deposition in Temecula on March 7, 2023, at 9:00 A.M, with no production of documents required. (Pull Decl. ¶ 12 & **Ex. 11**)

15.    Service of the Third Amended Subpoena was successfully made on Keshavarz-Nia by personal service at his home on the morning of February 7, 2023, after he again attempted to evade service. (Pull Decl. ¶ 13 & **Ex. 12**)

16.    On February 7, 2023, Defendants' counsel received a telephone call from a person who identified himself as "Michael Johnson." Pull Decl. ¶ 14. Mr. Johnson said he was not an attorney and was calling on Keshavarz-Nia's behalf as a "friend of the family." (*Ibid.*) Mr. Johnson stated Keshavarz-Nia was "not mentally able" to be deposed and would not appear at the deposition as commanded. (*Ibid.*) In response to questions, Mr. Johnson acknowledged that Keshavarz-Nia is ambulatory and can speak. (*Ibid.*) Defendants' counsel then informed Mr. Johnson that Keshavarz-Nia was required to appear for deposition as commanded and that Defendants would make any accommodation necessary for any disability he had. (*Ibid.*) Mr. Johnson stated that Keshavarz-Nia would nonetheless not appear for the deposition. (*Ibid.*)

17.     To the knowledge of Defendants' counsel Mr. Pull, Keshavarz-Nia has never sought a protective order or filed any paper in any court objecting to or seeking to quash either of the two subpoenas he was served with.  (Pull Decl. ¶ 15)

18.     Dominion has never objected to the subpoenas directed to Keshavarz-Nia, nor to any of the notices of Keshavarz-Nia's deposition served in the Underlying Action, and Dominion's counsel has cooperated with Defendants' counsel scheduling the depositions of Keshavarz-Nia.  (Pull Decl. ¶ 16)

19.     At 9:00 A.M. Pacific time on March 7, 2023, a stenographer and counsel for the parties in the Underlying Action appeared and were ready to proceed with the deposition of Keshavarz-Nia as commanded by the Third Amended Subpoena.  (Pull Decl. ¶ 17)  Keshavarz-Nia did not appear and the stenographer issued a Certificate of Nonappearance.  (Pull Decl. ¶ 17 & **Ex. 14**)

20.     A subpoena issued by counsel of record in a civil proceeding is the equivalent of a Court order and noncompliance may warrant contempt and sanctions.  (*United States Sec. & Exch. Comm'n v. Hyatt* (7th Cir. 2010) 621 F.3d 687, 693, citing *Penwalt Corp. v. Durand-Wayland, Inc.* (9th Cir. 1983) 708 F.2d 492, 494, fn.5; see also *Highland Tank & Mfg. Co. v. PS Int'l, Inc.* (W.D. Pa. 2005) 227 F.R.D. 374, 380 ["Defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions."])  Thus, Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  While a non-party witness may have objections to a subpoena or a disagreement about the date for a deposition, that is no excuse for failing to attend a deposition entirely.  (*Aetna Casualty and Surety Co. v. Rodco Autobody* (D. Mass. 1990) 130 F.R.D. 2, 3)  The proper remedy for a witness who contends they have grounds not to appear at a deposition is to file a timely motion to quash or seek a protective order.  (*Ibid*.; see generally Fed. R. Civ. P. 45(d))

21.    While Rule 45(g) provides broad authority for immediately initiating contempt proceedings against a non-appearing witness, in civil litigation a court's first response to a meritorious Rule 45(g) motion will usually be to issue "an order to comply or be held in contempt" in lieu of initially issuing a show-cause order, to give the recalcitrant deponent one last chance to avoid full-blown contempt proceedings. (Fed. R. Civ. P. 45, 2013 advisory comm. note; *Hyatt*, *supra*, 621 F.3d 687, 694)  This Court has so proceeded in the past in similar cases.  (See, e.g., Order Granting Motion to Enforce Subpoena, *K7 Design Group, Inc. et al. v. Five Below, Inc.* (C.D.Cal. Nov. 9, 2021) Case No. 5:21-mc-00014-JWH-SHK [copy attached as **Ex. 15** to Pull Decl.])  Defendants' accompanying Proposed Order thus proposes such a compliance order.

22.    In addition to an order requiring the non-party witness to appear for a deposition, the Court may award the moving party costs, including reasonable attorney's fees, incurred in obtaining an order compelling the witness to appear. (*Pennwalt Corp.*, *supra*, 708 F.2d 492, 494, fn.4; *Aetna Casualty and Surety Co.*, *supra*, 130 F.R.D. 2, 4)  Defendants' Proposed Order thus includes such an award.

23.    As provided in Local Rule 45-1, the joint stipulation and meet-and-confer requirements of Local Rule 37 do not apply to this motion because it is a motion to enforce a subpoena to a non-party who is not represented by counsel.

24.    For all the foregoing reasons, Defendants respectfully request the Court to grant their motion and issue the Proposed Order.

Dated:  April 20, 2023        ARC IP LAW, PC

By:  /s/ Ariel J. Sabban
       Ariel J. Sabban, Esq. (SB# 189414)
       Attorneys for Defendants
       MY PILLOW, INC., and
       MICHAEL J. LINDELL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>L.R. 11-6.2 Certificate of Compliance</u>

The undersigned, counsel of record for MY PILLOW, INC. AND MICHAEL LINDELL, certifies that this brief contains 2,115 words, which

<u>X</u> complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [*date*].

Dated: April 20, 2023                    ARC IP LAW, PC

By:    /s/ Ariel J. Sabban
       Ariel J. Sabban, Esq. (SB# 189414)

NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE DEPOSITION SUBPOENA
TO NON-PARTY NAVID KSHAVARZ-NIA          Case No.