UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDMC 23-05-SSS (KKx) | Date: | June 26, 2023 |
|---|---|---|---|
| Title: | US Dominion, Inc., et al. v. My Pillow, Inc., et al. | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| RACHEL MAURICE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Defendants' Request for Fees for Motion to Enforce Subpoena [Dkt. 1]

## I.
## INTRODUCTION

On April 20, 2023, defendants My Pillow, Inc. and Michael J. Lindell ("Defendants") filed a Motion seeking an Order to enforce a deposition subpoena to non-party Navid Keshavarz-Nia ("Respondent") and an award of "costs and attorney fees incurred in seeking enforcement of the subject subpoena" ("Motion"). ECF Docket No. ("Dkt.") 1, Motion. On May 22, 2023, the Court granted Defendants' Motion in its entirety and granted Defendants' request for reasonable expenses, including attorney's fees, incurred in filing the motion. Dkt. 9. The Court further provided Defendants' counsel an opportunity to file a declaration in support of the requested award of reasonable attorney's expenses and fees. Id.

On May 31, 2023, Defendants' counsel, Joseph Pull and Ariel J. Sabban, filed declarations stating they and a paralegal, Carla Navarro, spent 49.2 hours in connection with the Motion and, therefore, seeking an award of $19,258.00 in fees and $861.01 in costs. Dkt. 10, Declaration of Joseph Pull ("Pull Decl."), ¶¶ 6-7; Dkt. 11, Declaration of Ariel J. Sabban ("Sabban Decl."), ¶¶ 8-10, 12. Respondent has not filed an opposition.

For the reasons set forth below, Defendants' request for expenses is GRANTED IN PART and DENIED IN PART.

///

## II.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37(a)(5)(A)"), when a motion to compel discovery is granted "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A). In addition, Local Rule 7-12 states, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12.

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

## III.
## DISCUSSION

Here, the Court granted Defendants' Motion in its entirety. Dkt. 9. The Court further deemed Respondent's failure to file a response to the Motion consent to the granting of the Motion. Id. (citing L.R. 7-12). Therefore, the Court found Defendants were entitled to an award of costs, including attorney's fees, incurred in making the Motion. Id. at 3. In addition, Respondent's failure to appear for his properly noticed deposition was not substantially justified and it does not appear there are any circumstances making an award of expenses unjust. Finally, Respondent's failure to file a response to Defendants' declarations in support of their request for expenses is deemed consent to granting of the request. See L.R. 7-12; Dkt. 9 at 4.

Hence, the Court finds Defendants are entitled to an award of reasonable expenses incurred in bringing the Motion. However, the Court finds the request for an award of $19,258.00 in attorney and paralegal fees and $861.01 in costs is not reasonable for an unopposed, straightforward motion to compel compliance with a subpoena. Accordingly, for the reasons set forth below, Defendants' request for expenses is GRANTED IN PART and DENIED IN PART.

A.   **REASONABLENESS OF HOURLY RATES**

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health & Hum. Servs., 73 F.3d 895, 906 (9th Cir. 1995).

Defendants' counsel Joseph Pull is a partner at Parker Daniels Kibort LLC in Minneapolis, Minnesota. Pull Decl., ¶ 1. Defendants seek an hourly rate of $390.00 for Mr. Pull. Id., ¶ 2.

Defendants' counsel Ariel Sabban is an attorney at ARC IP LAW, PC in La Jolla, California. Sabban Decl. Defendants seek an hourly rate of $450.00 for Mr. Sabban. Id., ¶ 3. In addition, Defendants were separately billed for paralegal work performed by Carla Navarro and seek an hourly rate of $250 for Ms. Navarro. Id., ¶ 4.

As evidence that the requested rate is reasonable, Mr. Pull and Mr. Sabban attest to their and Ms. Navarro's experience. United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Mr. Pull has been practicing law since for fifteen years and is a member of the Bar of the State of Minnesota, the State of North Dakota, and the District of Columbia. Pull Decl., ¶¶ 1-2. Mr. Sabban has been admitted to practice law in California since 1997 and in the District of Columbia since 1999. Sabban Decl., ¶ 1. Mr. Sabban has litigated patent and trademark cases in the United States District Court for the Central District of California and has been awarded attorney's fees for work performed in state court at an hourly rate of $425.00. Id., ¶¶ 2, 3. In addition, Ms. Navarro obtained her paralegal certificate from the University of San Diego in 2014, has been a Certified Paralegal by the National Association of Legal Assistants since 2015, and is an Advanced Certified Paralegal in Business Organizations: Incorporated Entities through the National Association of Legal Assistants since April 2022. Id., ¶ 4. Finally, Respondent does not object to the hourly rates requested by Defendants.

Here, based on Mr. Pull, Mr. Sabban, and Ms. Navarro's substantial experience, Respondent's failure to object to their requested hourly rates, and the Court's general knowledge of rates in the Los Angeles legal community, the Court finds the hourly rates requested are reasonable for purposes of this Order only.

**B.     REASONABLENESS OF TIME SPENT**

Next, the Court "must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." Notorious B.I.G. LLC v. Yes. Snowboards, No. CV 19-1946-JAK (KSx), 2021 WL 6752168, at *6 (C.D. Cal. Dec. 22, 2021), report and recommendation adopted, 2022 WL 1909548 (C.D. Cal. June 3, 2022). The Court may reduce the fee award where the billing records contain insufficiently descriptive entries or reflect block billing or billing in large time increments. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted).

Here, with respect to reasonableness of the time spent, while the Court finds the 5.7 hours spent by Mr. Pull to be reasonable, the 30.8 hours Mr. Sabban spent and the 12.7 hours Ms. Navarro spent in connection with the Motion are excessive.

**1.     Reasonable Time Spent By Mr. Sabban**

First, Mr. Sabban billed for a surprising amount of clerical work for an attorney with twenty-five years' experience. Defendants are not entitled to recover attorney's fees for clerical work. See

Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (holding "purely clerical or secretarial tasks should not be billed" under a fee-shifting statute); see also Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that tasks that are "clerical in nature," such as "filing" and "document organization," should be "subsumed in firm overhead"). On April 19, 2023, Mr. Sabban billed to "procure Certificate and Notice of Interested Parties form per Local Rule 7.1-1 to accompany all first paper filings." See Sabban Decl., ¶ 8. On April 20, 2023, Mr. Sabban improperly billed to "reformat the Notice of Motion and Motion and Pull Declaration and [Proposed] Order and prepare exhibits thereto, assist Paralegal Navarro with filing the subject Motion with the District Court, and draft communication to Attorney's Parker and Pull regarding that said Motion has been filed with a Dropbox link to the filed documents." Id. On April 24, 2023, Mr. Sabban billed to "update the filed Motion documents with the assigned Motion Hearing Date." Id. On April 25, 2023, Mr. Sabban billed to "download the Chambers Order and save to the file, draft communication to Attorney Pull forwarding the Docket Notice and Chambers Order . . ., and calendar due dates provided in the Chambers Order." Id. On May 10, 2023, Mr. Sabban billed to "draft communication to and teleconference with Paralegal Navarro regarding filing of the Status Report today and delivery of chambers copies . . . download documents for Mandatory Chambers Copies, draft communication to Ms. Navarro with the same attached for delivery to Chambers, review communications regarding delivery of Chambers Copies between Ms. Navarro and Knox Attorney Service, and forward the conformed Status Report to Co-Counsel." Id. All of these entries constitute clerical work that Defendants are not entitled to recover as attorney's fees. See Missouri, 491 U.S. at 288 n.10. In addition, the block billed entries make it impossible for the Court to determine how much time was spent on each task. Therefore, Court finds it appropriate to reduce the time requested by Mr. Sabban for clerical work by 6.9 hours.

Second, Mr. Sabban improperly billed for work that was simple enough for an experienced paralegal to perform. "The district court may properly use the simplicity of a given task as justification for a reduction in the rate for the hours spent performing that task or as justification for a reduction in the overall rate, but not both." Moreno v. City of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008). On April 14, 2023, Mr. Sabban billed to "review Central District of California Local Rules and other information regarding the filing of 'Miscellaneous Cases[.]'" Sabban Decl., ¶ 8. On April 19, 2023, Mr. Sabban billed to "obtain information regarding the filing of miscellaneous cases in the Central District of California (Eastern Division)." Id. On April 20, 2023, Mr. Sabban billed to complete the Certification form. Id. On April 24, 2023, Mr. Sabban billed for "teleconference with Paralegal Navarro regarding providing Mandatory Chambers Copies to the Magistrate Judge and emailing the [Proposed] Order to the same, and draft detailed communication to Ms. Navarro regarding instructions pertaining to the same with documents attached thereto to that end." Id. On May 26, 2023, Mr. Sabban billed to "obtain a sample fee declaration format and forward the same to Mr. Pull and Ms. Thorvig for formatting purposes, teleconference with our billing department regarding client invoices and obtain the same[.]" Id. In addition, the block billed entries make it impossible for the Court to determine how much time was spent on each task. Given the simplicity of the tasks, the Court finds it appropriate to reduce the time for these entries by 3.5 hours.

Third, the time spent in connection with attempting to meet and confer with Respondent is not recoverable under Rule 37(a)(5)(A). Notorious B.I.G. LLC, 2021 WL 6752168, at *7 (noting "Courts in this Circuit generally hold that time spent to meet and confer is not recoverable" and reducing requested fee award accordingly). Therefore, the Court declines to award fees for the time Mr. Sabban spent on May 2, 2023 and May 3, 2023, resulting in a reduction of 2.2 hours.

### 2.     Reasonable Time Spent By Ms. Navarro

In addition, while the Court is willing to award Defendants fees for Ms. Navarro's work as a paralegal, she also appears to have performed a substantial amount of purely clerical work.  On April 20, 2023, Ms. Navarro billed to file the Motion and accompanying documents, "receive the filing receipt of the new case; notate the case number into the internal file and update the documents to reflect the federal case number on the documents; and download the file-stamped documents and circulate in a link to the folder for Attorney Sabban to circulate to co-counsel."  Id.  On April 25, 2023, Ms. Navarro billed for "[a]ttention to confirmation form Knox Services of the delivery of the Mandatory Chambers Copies . . .; [and] circulate the confirmation email to the internal file."  Id.  On April 27, 2023, Ms. Navarro billed to receive the invoice from Knox Attorney Service regarding the Mandatory Chambers Copies, circulating the invoice to the internal file and Attorney Sabban, and logging the expense into the internal system.  Id.  On April 28, 2023, Ms. Navarro billed to file the declarations regarding service on Respondent, retrieve the filed documents, and circulate them to the internal file and Mr. Sabban.  Id.  On May 10, 2023, Ms. Navarro billed to file the Status Report, retrieve the filed documents from Mr. Sabban, and coordinate the order for Mandatory Chambers Copies with Knox Attorney Service.  Id.  On May 11, 2023, Ms. Navarro billed to receive and circulate the confirmation of the delivery of the Mandatory Chambers Copies.  Id.  On May 18, 2023, Ms. Navarro billed to receive the invoice from Knox Attorney Service regarding the Mandatory Chambers Copies, circulating the invoice to the internal file and Attorney Sabban, and logging the expense into the internal system.  Id.  On May 19, 2023, Ms. Navarro billed to receive the confirmation of payment to Knox Attorney Service as to the service of Mandatory Chambers Copies, update the logged expense into the internal system, and circulate the paid receipt to the internal file and Mr. Sabban.  Id.  Once again, all of these entries constitute clerical work that Defendants are not entitled to recover as attorney's fees.  See Missouri, 491 U.S. at 288 n.10.  In addition, the block billed entries makes it impossible for the Court to determine how much time was spent on each task.  Therefore, Court finds it appropriate to reduce the time for these entries by 6.7 hours.

### 3.     Summary of Reasonable Expenses

In summary, the Court finds Mr. Pull reasonably spent 5.7 hours in connection with the Motion at an hourly rate of $390.00; Mr. Sabban reasonably spent 18.2 hours in connection with the Motion at an hourly rate of $450.00; and Ms. Navarro reasonably spent 6 hours in connection with the Motion at an hourly rate of $250.00.  The Court further find the costs of $861.01 were reasonably incurred in connection with the Motion.  Accordingly, the Court finds an award of $11,913 in attorney's fees and $861.01 in costs to be reasonable under the circumstances of this case.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' request for expenses in connection with their Motion is GRANTED IN PART and DENIED IN PART.  Accordingly, Respondent shall pay to Defendants the sum of $12,774.01 as reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) **within thirty (30) days of the date of this Order**.